IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Leslie C. Hunt, | ) | C/A No. 2:13-2881-JFA-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Wayne McCabe, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Leslie C. Hunt, a state prisoner at the Kershaw Correctional Institution of the South Carolina Department of Corrections in Kershaw, South Carolina, has filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is proceeding pro se and in forma pauperis. This matter is before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), for initial screening. This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Under established local procedure in this judicial district, this review has been conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 ("AEDPA"), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se petitions are held to a less stringent standard than those drafted by attorneys, and a

federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)); Gordon v. Leeke, 574 F.2d 1147,1151 (4th Cir. 1978) (citing Rice v. Olson, 324 U.S. 786,791-92 (1945); Holiday v. Johnston, 313 U.S. 342, 350 (1941 )). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Wellerv. Dep'tofSoc. Servs.,901 F.2d387,391 (4thCir.1990). Such is the case here.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner initially filed a half-page, handwritten "Petition For Relief From a Sentence By a person in state custody" (Petition, ECF No. 1). However, this document did not contain sufficient information for the Court to determine whether Petitioner had properly exhausted his state court remedies prior to filing the instant Petition, and whether service of process should be authorized. Petitioner's initial filing stated "this case is currently awaiting for my PCR for 2013," and referred to "docket number 2013-CP-43-218" which, according to the Sumter County Third Judicial Circuit Public Index, is a pending PCR application filed by Petitioner in Sumter County Common Pleas Court, on February 8, 2013, designated as Hunt v. State of South Carolina.[1] Petitioner alleged that "[Petitioners] plea was guilty which should have been a insanity plea," and alleged that he was

---

[1] See http://publicindex.sccourts.org/Sumter/PublicIndex/CaseDetails.aspx?County=43&CourtAgency=43002&Casenum=2013CP4300218&CaseType=V (last visited Nov. 8, 2013); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) (a federal court may take notice of proceedings in other courts if those proceedings have a direct relation to matters at issue) (citing St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979)).

sentenced on February 15, 2012. However, it was not clear what convictions Petitioner intended to challenge, because he alleged

> I was on 4, 2nd degree burglary sentence I confess to but did not do, 12 years 2nd degree I did not know who did when ask by detective the crime I falsely said I did it . . . the rest of them I did was not the ringleader and have codefendants there names or Jerry Hunt Anthony Taylor thee other one I do not know on those chargest they were 3 more 2nd degree burglary, 2 conspiracy, 7 counts of breakin and enter, grand larceny, larceny.

Petition, ECF No. 1. Petitioner did not pay the $5 habeas filing fee or submit a Motion for Leave to Proceed in forma pauperis with his initial Petition.

By Order dated October 30, 2013 (ECF No. 6), Petitioner was given a specific time frame in which to bring this case into proper form, by submitting a fully completed, signed, and dated Form AO 241 (Petition for Relief From a Conviction or Sentence By a Person in State Custody), and a fully completed, signed, and dated Form AO 240 (Application to Proceed in District Court Without Prepaying Fees or Costs). On November 8, 2013, Petitioner complied with the Court's Order, bringing the case into proper form.

Petitioner's § 2254 Petition (Proper Form Petition, ECF No. 1-2) identifies seven criminal indictments to which Petitioner alleges he pleaded guilty, on February 15, 2012, i.e. 2012-GS-43-0172, 0208, 0187, 0184, 0183, 0203, and 0288. Petitioner alleges that he received concurrent sentences amounting to twelve years imprisonment, and that he was given credit for the 265 days that he served prior to his guilty pleas. Petitioner does not allege that he filed a direct appeal of his convictions. Petitioner does allege that a "PCR was filed in the court of common plea," and refers to case number "2013 - common plea relief 43-218," in which "there has been no court decision set." Proper Form Petition, ECF No. 1-2. P. 6.

## DISCUSSION

The § 2254 Petition filed in this case should be dismissed because it plainly appears that Petitioner has not fully exhausted his state court remedies. With respect to his February 2012 Sumter County convictions and sentences, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2254 and possibly, but less commonly, a writ of habeas corpus under 28 U.S.C. § 2241, either of which can be sought only after Petitioner has exhausted his state court remedies. See 28 U.S.C. § 2254(b);[2] Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and

---

[2] Section 2254's exhaustion requirement provides:

(b)( 1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B) (i) there is an absence of available State corrective process; or
    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure ofthe applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b), (c).

correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). Exhaustion "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to vindicate their interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority." Fain v. Duff, 488 F.2d 218, 224 (5th Cir. 1973) (citing Braden).

The United States Court of Appeals for the Fourth Circuit, in Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), held that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts." The burden of proving that a claim has been exhausted lies with the petitioner." Id. (citations omitted). This doctrine requires that, before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to the state's highest court with appellate jurisdiction to consideration the claim. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process before filing a habeas petition); Picard v. Connor, 404 U.S. at 270, 276 (1971). Therefore, Petitioner must pursue his state court PCR action and, if it is dismissed or denied, seek state appellate review of his PCR denial, before he can be said to have exhausted his available state court remedies. Miller v. Harvey, 566 F.2d 879, 880-81 (4th Cir. 1977); Patterson v. Leeke, 556 F.2d 1168, 1170-73 & n. 1 (4th Cir. 1977). Review of a PCR denial is sought in state appellate courts by way of a petition for writ of certiorari as provided under Rule 243 of the South Carolina Appellate Court Rules ("SCACR") and S.C.

Code § 17-27-100.³  Such review must be sought and completed by a state prisoner or else federal collateral review (under either 28 U.S.C. § 2254 or § 2241) of the grounds raised in the PCR application will be barred by a procedural default.⁴  See Whitley v. Bair, 802 F.2d 1487,1500 n. 27 (4th Cir. 1986); Mason v. Procunier, 748 F.2d 852,853-54 (4th Cir. 1984); Strader v. Allsbrook, 656 F.2d 67,68 (4th Cir. 1981).

Petitioner alleges that his PCR application is currently pending in Sumter County Common Pleas Court.  Petitioner "has the right under the law of the State to raise ... the question presented" here.  See 28 U.S.C. § 2254(c).  The undersigned notes that, in Ferguson v. State, 382 S.C. 615, 677 S.E.2d 600 (S.C. 2009), the South Carolina Supreme Court held that, if a PCR applicant demonstrates that his mental incompetence prevented

---

³ After filing a petition for writ of certiorari in the South Carolina Supreme Court, the petition will, in many cases, be transferred for consideration to the South Carolina Court of Appeals pursuant to SCACR 243(1).  If the case is transferred to the Court of Appeals, that case is the final step that Plaintiff must take in order to fully exhaust his state court remedies under § 2254.  See State v. McKennedy, 348 S.C. 270, 559 S.E.2d 850 (S.C. 2002); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 321 S.C. 563, 471 S.E.2d 454 (S.C. 1990).  In McKennedy, the South Carolina Supreme Court specifically held that In re Exhaustion had placed discretionary review by the South Carolina Supreme Court "outside of South Carolina's ordinary appellate review procedure pursuant to O'Sullivan [ v. Boerckel, 526 U.S. 838 (1999)]."  McKennedy, 559 S.E.2d at 854.  Accordingly, a claim would not be procedurally barred from review in this Court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the South Carolina Court of Appeals, either after a direct appeal or after pursuing relief in a PCR petition.

⁴ Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, or where the state has unconditionally waived exhaustion, further exhaustion is not required.  See Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) cert. denied, 519 U.S. 1103 (1997).  However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman 501 U.S. at 750.

6

a timely filing, then tolling of the PCR limitation period is warranted, while in White v. State, 263 S.C. 110, 208 S.E.2d 35 (S.C. 1974), the South Carolina Supreme Court held that, where a PCR judge determines that an applicant did not freely and voluntarily waive his direct appeal rights, the applicant may petition the South Carolina Supreme Court for a belated appeal to review issues that could have been raised on direct appeal, to determine if there was reversible error. See White, 208 S.E.2d at 39-40; SCACR 243(I).  Thus, pursuant to well-settled South Carolina law, the state court corrective process remains available to Petitioner and must be exhausted before Petitioner's claims can be heard in this Court.  Because it is clear from the face of the pleadings that Petitioner has viable state court remedies (PCR, appellate review of PCR and/or belated direct appeal) which have not been fully utilized, this Court should not keep this case on its docket while Petitioner is exhausting his state remedies.  See Galloway v. Stephenson, 510 F. Supp. 840, 846 (M.D. N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

## RECOMMENDATION

The instant § 2254 Petition should be dismissed without prejudice and without requiring Respondent to file a return.  Petitioner's attention is directed to the important Notice on the next page.

November 12, 2013                                             s/Bruce Howe Hendricks
Charleston, South Carolina                                 United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u> Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).